An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID GROSSMAN,
Appellant,
vs.
AUDREY GROSSMAN,
Respondent.

No. 59833

**FILED**

JUL 24 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a child custody fast track appeal from a district court divorce decree. Eighth Judicial District Court, Family Court Division, Clark County; Bill Henderson, Judge.

On appeal, appellant first challenges the award of primary physical child custody to respondent. Appellant argues that the primary physical custody award in the divorce decree was actually a modification of the temporary award of joint physical custody, which had been in place for over one year, and that there was not a substantial change in circumstances justifying the modification. Appellant further contends that the district court abused its discretion in awarding primary physical custody to respondent and in establishing appellant's visitation schedule.

We conclude that the custody arrangement set forth in the divorce decree was not a modification, but was the initial permanent custody determination, and that the district court applied the correct legal standard. *Cf. Murphy v. Murphy*, 84 Nev. 710, 447 P.2d 664 (1968) (applying the custody modification standard where temporary custody was established more than four years earlier), *overruled on other grounds by Ellis v. Carucci*, 123 Nev. 145, 161 P.3d 239 (2007). We further conclude that the district court did not abuse its discretion in the custody and

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21801

visitation determinations. *See Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that child custody decisions rest within the district court's sound discretion). The district court made findings under the factors set forth in NRS 125.480(4) and determined that the custody and visitation arrangement was in the children's best interests. *See* NRS 125.480(1) (stating that in determining child custody, the court's sole consideration is the child's best interest). The district court's factual findings are supported by substantial evidence. *See Rico v. Rodriguez*, 121 Nev. 695, 701, 120 P.3d 812, 816 (2005).

Appellant next contends that the district court abused its discretion in denying his requests to continue the trial based on discovery issues and a change in trial counsel. Having reviewed the record, we conclude that the district court did not abuse its discretion in denying the requests. *See Bongiovi v. Sullivan*, 122 Nev. 556, 570, 138 P.3d 433, 444 (2006).

Finally, appellant contends that the district court abused its discretion in ruling that the Hummer vehicle was community property rather than appellant's separate property. In support of this argument, appellant identifies his testimony that he purchased the vehicle with proceeds from his personal injury settlement. *See* NRS 123.130(2) (providing that all property acquired by a spouse as an award for personal injury damages is separate property). Appellant has identified no documentary evidence in support of this claim, however, and the district court found that appellant failed to establish clear and convincing evidence tracing the personal injury settlement to the purchase of the vehicle. We conclude that the district court did not abuse its discretion as to this issue. *See Shydler v. Shydler*, 114 Nev. 192, 196, 954 P.2d 37, 39

(1998) (explaining that this court reviews a district court's decision regarding divorce proceedings for an abuse of discretion). Accordingly, having concluded that appellant's contentions are without merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Bill Henderson, District Judge, Family Court Division
Robert E. Gaston, Settlement Judge
Stephens, Gourley & Bywater
Barnes Law Group
Eighth District Court Clerk